SEMON BACHE & COMPANY, Inc., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
No. 14.

Circuit Court of Appeals, Second Circuit.
Nov. 2, 1931.

Richard S. Holmes, of New York City (Alfred C. Frodel and Dean Hill Stanley, both of Washington, D. C., of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen. (C. M. Charest, General Counsel, Bureau of Internal Revenue, John D. Kiley, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.
Decision affirmed.

---

Stella W. SHIELD, Appellant, v. TRAVELERS' INSURANCE COMPANY.
No. 9250.

Circuit Court of Appeals, Eighth Circuit.
July 17, 1931.

William Robert Davis and William Kohn, both of St. Louis, Mo., for appellant.

Frank H. Sullivan and James C. Jones, Jr., both of St. Louis, Mo., for appellee.

PER CURIAM.
Appeal docketed and dismissed, at costs of appellee, on motion of appellee and consent of appellant, under rule 16.

---

STATE OF MISSOURI, etc., et al., Appellants, v. UNION ELECTRIC LIGHT AND POWER CO. et al.
No. 9288.

Circuit Court of Appeals, Eighth Circuit.
Aug. 17, 1931.

See, also, 42 F.(2d) 692.

M. M. Moulder, of Linn Creek, Mo., and Sid C. Roach and Charles E. Morrow, both of St. Louis, Mo., for appellants.

Theodore Rassieur, of St. Louis, Mo., for appellees.

PER CURIAM.
Appeal docketed and dismissed with costs, on motion of appellees and stipulation of parties.

---

Oscar STIRMAN, alias Jack O. Stirman, Appellant, v. UNITED STATES of America, Appellee.
No. 6251.

Circuit Court of Appeals, Fifth Circuit.
Dec. 14, 1931.

J. A. Lantz, of Wichita Falls, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.
Whereas, on November 20, 1931, it was ordered that the appeal herein should abate unless within twenty days cause to the contrary were shown, and whereas twenty days have now elapsed since the issuance of said order and no cause has been shown why the appeal should not abate; it is ordered that the appeal in said cause is abated.